## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE
COMMISSION,

       *Plaintiff/Petitioner,*

    v.

ROBERT D. PRESS,

       *Defendant/Respondent.*

Docket No.:  1:23-mc-20959

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT, SECTION 21(e) OF THE EXCHANGE ACT, SECTION 209(d) OF THE ADVISERS ACT AND SECTION 42(d) OF THE INVESTMENT COMPANY ACT ENFORCING COMPLIANCE WITH COMMISSION ORDER

The Petitioner, Securities and Exchange Commission ("SEC" or the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by the Respondent, Robert D. Press ("Press"), with a final Commission order entered against him on September 30, 2021.  This order required Press to disgorge $4,409,546 and

prejudgment interest of $755,178, and pay a civil penalty of $292,570, and injunctive relief.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1.      The Commission seeks by this Application to enforce an order of the Commission finding that Robert D. Press violated Section 8A of the Securities Act, Section 21C of the Exchange Act, Sections 203(f) and 203(k) of the Advisers Act, and Section 9(b) of the Investment Company Act.

2.      Press has failed, refused and neglected to comply with the Commission Order in that he has not paid the full amount he was ordered to pay.

## PARTIES

3.      The Commission is an agency of the United States Government.  The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.      Robert D. Press  is a 57-year-old man residing in Aventura, Florida.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, and Sections 21(e)(1) and 27(a) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

6.     Venue lies in the Southern District of Florida under Section 22(a) of the Securities Act, Section 27(a) of the Exchange Act, Section 44 of the Investment Company Act, and Section 214(a) of the Advisers Act.  Respondent is "found" or is an "inhabitant" of this District.

## STATEMENT OF RELEVANT FACTS

7.     On September 30, 2021, the Commission issued an Order making findings and imposing remedial sanctions and injunctive relief on consent against Press requiring him to disgorge $4,409,546, prejudgment interest of $755,178, and pay a civil penalty of $292,570, and injunctive relief.

8.     The Commission entered the following injunctive relief requiring Press to: cease and desist from committing or causing any violations and any future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1), 206(2), 206(4) and 207 of the Advisers Act and Rules 206(4)-7 and 206(4)-8 thereunder. The Commission also barred Press from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibited Press from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, depositor, or principal underwriter.

9.     In the Order Instituting Proceedings the Commission found:

TCA Fund Management Group Corp. ("TCA") was the registered investment adviser to TCA Global Credit Master Fund, LP (the "Master Fund") and its two feeder funds, TCA Global Credit Fund, LP ("Feeder Fund LP") and TCA Global Credit Fund, Ltd. ("Feeder Fund Ltd.") (collectively, the "TCA Funds"). TCA Global Credit Fund GP, Ltd. ("GP") was the general partner to the Master Fund and Feeder Fund LP. The Master Fund focused solely on investing in short term, senior secured debt and equity-related investments, and providing investment banking services for a fee to small and medium-sized companies. The feeder funds invested substantially all of their assets into the Master Fund.

TCA and GP fraudulently inflated the TCA Funds' net asset value ("NAV") and performance results through the recording of non-binding transactions from 2010 through December 2016, and through the recording of fraudulent investment banking fees from January 2016 through November 2019. TCA also misled the TCA Funds' investors with respect to the performance of the TCA Funds by improperly including a promissory note of $34.3 million as income in the Master Fund's 2015 financial statements. Press approved worksheets prepared by TCA for the TCA Funds' monthly NAV that included these non-binding transactions and fraudulent investment banking fees. TCA sent this information to an outside independent fund administrator (the "fund administrator") who used it to calculate the TCA Funds' monthly NAV and performance results. Press' actions resulted in TCA providing this data to the fund administrator and recording the non-binding transactions and fraudulent investment banking fees on the TCA Funds' books and records.

10.    Press consented to the entry of the Order, did not seek review of the Order, and his time to do so has expired.

## ARGUMENT

11.    Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

> Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder.

12.     This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

13.     Under this provision, the Commission "may . . . seek . . . 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011). This provision vests the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

14.     Proceedings under this provision are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

15.     In such proceedings the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and

opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

16.     These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

17.     This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Robert D. Press to show cause why this Court should not enter an Order enforcing his compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

    a. Robert D. Press to pay the remaining disgorgement balance of $1,842,968.00 and interest that continues to accrue on that balance; and

    b. Comply with the Injunctive Relief set forth in the Order.

III.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:  March 10, 2023

Respectfully submitted,


s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5985
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:    202.551.4347
Facsimile:    703.813.9366
        Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission